# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID A. MACK, | : |
| Plaintiff | : |
| | : CIVIL NO. 3:CV-13-2192 |
| v. | : |
| | : (Judge Caputo) |
| ROBERT BILGER, SAFETY MANAGER, *et al.*, | : |
| Defendants | : |

# M E M O R A N D U M

## I. Introduction

On August 19, 2013, David A. Mack, an inmate formerly housed at the Huntingdon State Correctional Institution (SCI-Huntingdon), in Huntingdon, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 after he slipped off a table while trying to get into his bunk. He was knocked unconscious as a result of the fall and was taken to an outside hospital where he was treated and released. (Doc. 1, Compl.) Mr. Mack was transferred to SCI-Frackville about a month after the accident. He was given a lower tier and bottom bunk assignment at SCI-Frackville when it was discovered he suffered from degenerative joint disease in his back. Mr. Mack contends that, given his physical limitations, SCI-Huntingdon

officials were deliberately indifferent to his safety when then housed him in the upper bunk of a cell on the third tier of a housing unit. (*Id*.)  Furthermore, he claims they knowingly placed him in a cell where the bunk bed was installed improperly making it a safety hazard.  (*Id*.)

Presently before the Court are to motions for counsel filed by Mr. Mack based on his limited knowledge of the law, indigent status, and the fact that and incarcerated status. He also alleges that his use of psychotropic medications renders him incapable of proceeding *pro se* in this matter.  *See* Docs. 8 and 10.  For the reasons that follow, Mr. Mack's motions will be denied without prejudice.

## II.     Discussion

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  A district court as "broad discretion" to determine whether counsel should be appointed.  *Montgomery,* 294 F. 3d at 498.  The appointment of counsel is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).  The initial determination to be made by the court in evaluating the

expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499. Next, if plaintiff's claims meet this threshold review, other non-exclusive factors to be examined are:

>   1. the plaintiff's ability to present his or her own case;
>   2. the difficulty of the particular legal issues;
>   3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>   4. the extent to which a case is likely to turn on credibility determinations;
>   5. whether the case will require testimony from expert witnesses;
>   6. the plaintiff's capacity to retain counsel on his or her own behalf;

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)(citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993)). After examining the above factors, the Court will deny Mr. Mack's present motions for counsel without prejudice.

This case is in its procedural infancy. The Court has only recently directed service of the Complaint. *See* Doc. 14. Defendants will either challenge the legal basis of the Complaint or file an answer. Until then, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel. Additionally, although Mr. Mack may be prescribed psychotropic medication, this fact does not necessarily imply mental incompetence or set forth a rationale for the appointment of counsel. To date, Mr. Mack's Complaint, and motions for counsel, are clearly worded and present a logical concise arguments. There is no evidence, at this point, that any prejudice will result in the absence of counsel. Consequently, at this time Mr.

Mack's request for counsel will be denied. To the extent that Mr. Mack's requests for counsel are based on the fact of his incarceration or his indigent status, these facts also do not warrant the appointment of counsel given this Court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Consequently, at this time Mr. Mack's requests for counsel will be denied.

    Accordingly, Mr. Mack has not demonstrated that he will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own at this point. However, Plaintiff may file another motion for appointment of counsel if circumstances change.

    An appropriate Order follows.

                            **/s/ A. Richard Caputo**
                            **A. RICHARD CAPUTO**
                            **United States District Judge**

**Date: December  12 , 2013**