**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID A. MACK,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-13-2192** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **ROBERT BILGER, SAFETY** : | |
| **MANAGER,** *et al.*, : | |
| : | |
| **Defendants** : | |

**M E M O R A N D U M**

## I.   Introduction

Presently before the Court is Mr. Mack's motion to file a second amended complaint (Doc. 46) and motion for enlargement of time to file a response to Defendants' Answer to the Amended Complaint (Doc. 47).  Mr. Mack has filed two proposed second amended complaints.  (Docs. 46-1 and 48.)

For the reasons that follow, Mr. Mack's motions will be denied.

## II.   Background

On August 19, 2013, Mr. Mack filed the instant civil rights action complaining he was injured after he slipped off a table while trying to get into his bunk bed.  He alleges SCI-Huntingdon prison officials were deliberately indifferent to his physical safety when they assigned him to an upper bunk on the third tier of a housing unit at the facility.  He also claims the improper installation of the bunk he was assigned to created a safety hazard.  (Doc. 1, Compl.)  Following service of the Complaint, the

prison defendants filed a motion to dismiss. (Doc. 26, Mot. to Dismiss.) In lieu of an opposition brief, Mr. Mack filed a motion to file an amended complaint. (Doc. 30, Mot. to Amend.) Consequently Defendants' motion to dismiss was dismissed without prejudice and Mr. Mack was directed to file an all inclusive amended complaint. (Doc. 36.) Mr. Mack filed his Amended Complaint on August 13, 204. (Dco. 37.) Defendants then filed an Answer, and the court issued a case management order setting the close of discovery and calling for dispositive motions on or before May 27, 2015. (Doc. 45.)

### III. Standard of Review

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint as a matter of course, if the amended complaint is filed either within 21 days of service of the original complaint or within 21 days of the defendants filing of a responsive pleading or a motion to dismiss pursuant to Fed. R. Civ. P. 12. *See* Fed. R. Civ. P. 15(a)(1). Amended complaints outside of these time limits may be filed only "with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2). The Rule provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should,

as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (2006)(same).

**IV.    Discussion**

Based on the procedural history of this case, Mr. Mack cannot file a second amended complaint without consent of the opposing party or court order.  Mr. Mack seeks leave to amend his amended complaint in two specific areas.  First, he want to clarify that he seeks to sue all defendants in their official and individual capacities. Second, Mr. Mack wishes to include "claims for relief/relief requested" sections. (Doc. 46.)  Attached to his motion is a four page partial proposed complaint (Doc. 46-1).  The partial complaint does not identify the defendants or include a statement of facts, it consists only of claims for relief and specifies Mr. Mack's request for declaratory and monetary relief against each defendant.  (*Id*.)  However, Mr. Mack has also filed a second document which he also identifies as his Second Amended Complaint.  (Doc. 48.)  Regardless, the court declines to grant Mr. Mack's request to file a second amended complaint.  This decision will not prejudice Mr. Mack for several reasons.  First, Mr. Mack was cautioned when directed to file his amended complaint that it needed to stand by itself without reference to his original complaint as it would supercede his original complaint.  *See* Doc. 36.  Now the court is presented with two proposed amended complaints, neither of which the defendants have agreed to and are filed mid-way through the discovery period.  Second, a

-3-

review of the Amended Complaint (Doc. 9) reveals that it already includes a section for relief.  Furthermore, given the requisite liberal construction afforded *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the court will construe the Amended Complaint as being pled against the defendants in their individual and official capacities.

Final, with respect to Mr. Mack's motion for extension of time to file a Reply to Defendants' Answer, it too will be denied.  Fed. R. Civ. 7(a) (7) sets forth the only pleadings that are allowed.  Subsection (7) specifically states that a reply to an answer is only permitted if the court orders one.  Mr. Mack does not allege, nor does the docket reflect, the court ordered a response to Defendants' Answer.  Therefore, under Rule 7(a)(7) of the Federal Rules of Civil Procedure, the court will not grant Mr. Mack an enlargement of time to file such a document.

An appropriate Order follows.

      /s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: March   18   , 2015**