**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID A. MACK,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-13-2192** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **ROBERT BILGER, SAFETY** : | |
| **MANAGER,** *et al.*, : | |
| : | |
| **Defendants** : | |

**M E M O R A N D U M**

I.   **Introduction**

On August 19, 2013, Mr. Mack filed the instant civil rights action complaining he was injured after he slipped off a table while trying to get into his bunk bed. Mr. Mack suffers from degenerative joint disease. He alleged prison officials were deliberately indifferent to his medical and safety needs when they placed him in the upper bunk of a cell located on the third tier. (Doc. 1, Compl.) On August 10, 2014, he filed an Amended Complaint adding a new claim and new defendant. (Doc. 37, Am. Compl.) Mr. Mack asserts that Nurse Spaid violated his constitutional rights when he disclosed Mr. Mack's urine test results to him in front of other Restricted Housing Unit (RHU) inmates resulting in "harm to his reputation and character". (*Id.*, ECF p. 6.) Mr. Mack claims all of the defendants' actions were taken in retaliation for his filing of prison grievances challenging his conditions of confinement.

Presently before the court is Mr. Mack's motion to compel responses to his May 4, May 23 and June 10, 2014, discovery requests. (Doc. 34.) Although Mr. Mack suggests defendants have failed to properly respond to his discovery requests, he submits a copy of Defendants' July 11, 2014, response to his June request for production of documents which he received on July 15, 2014. *See* Doc. 35.

In opposition to Mr. Mack's motion, defendants have produced copies of Mr. Mack's various discovery requests. *See* Doc. 42-1. Defendants note that Mr. Mack's May 4, 2014, discovery request did not relate to the present case, but to an entirely different lawsuit, 3:13-CV-2919 (M.D. Pa.). *See* Doc. 42-1, ECF pp. 5-6. Via a letter dated May 21, 2014, defense counsel advised Mr. Mack that she did not represent the defendants in the other matter and therefore could not respond to that discovery request.[1] (*Id.*, ECF p. 8.)

On May 23, 2014, Mr. Mack clarified his earlier request for production of documents. He also sought additional documents to be produced. (Doc. 42-1, ECF p. 10.) On June 10, 2014, Mr. Mack served defendants with another request for production of documents. (*Id.*, ECF pp. 12-13.) Defendants responded to this request on June 11, 2014 by producing approximately 805 pages of documents for Mr. Mack's review. (Doc. 42, ECF p. 3.)

Mr. Mack did not file a reply brief in this matter. The discovery period in this case closes on July 27, 2015. (Doc. 54.)

---

[1] At some point in time after this letter, defense counsel was also assigned to represent the defendants in Mr. Mack's other action.

**II.     Standard of Review**

Pursuant to Fed. R. Civ. P. 37(c)(1), a party who has failed to receive responses to properly served discovery may move for an order compelling the offending party to respond to the discovery request.  *See* Fed. R. Civ. P. 37(a)(1), (c).

"[T]he management of discovery is committed to the sound discretion of the district court."  *Miller v. Hassinger*, 173 F. App'x 948, 954 (3d Cir. 2006).  "Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment." *McConnell v. Canadian Pacific Realty Co.*, 280 F.R.D. 188, 192 (M.D. Pa. 2011).  It has long been held that district courts have significant discretion when resolving discovery disputes.  *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 778 (3d Cir. 2000)(explaining that a trial court's discovery ruling will only be disturbed if "the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible").  A court's decision regarding the conduct of discovery will be distributed only upon a showing of an abuse of discretion.  *Marroquin–Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

**III.    Discussion**

Initially, the court notes that Mr. Mack is not challenging the completeness of defendants' discovery responses, but rather he seeks an order compelling a

-3-

response to his May 4, May 23, and June 10, 2014, requests for production of documents. (Doc. 34.) Based on the court's review of the parties' submissions on this matter, it appears that at this point in time, defendants have responded to Mr. Mack's discovery requests. This finding is underscored by Mr. Mack's filing of a copy of defendants' response minus the documents provided for his inspection which, according to defendants, exceeded 800 pages. Additionally, the court notes that Mr. Mack does not dispute defendants' representation that the first May request sought discovery in another unrelated case, and that the May 23 and June 10 requests were answered. In light of this information and procedural history of this case, Mr. Mack has failed to demonstrate that defendants have willfully failed to participate in discovery or that they have failed to respond to his discovery requests. Defendants' conduct in responding to Mr. Mack's discovery requests have neither resulted in prejudice to him nor caused significant delay in litigating this case. Thus, Mr. Mack's motion to compel will be denied.

      An appropriate Order follows.

                                            **/s/ A. Richard Caputo**
                                            **A. RICHARD CAPUTO**
                                            **United States District Judge**

**Date: June 30, 2015**